IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00225-LTB

MIKEAL GLENN STINE,

    Petitioner,

v.

DISTRICT OF COLORADO,

    Respondent.

ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the "Motion to Reconsider Order Document No. (3) Dismissing Case and Denying In Forma Pauperis on Feb 4th 2015," ECF No. 7, that Petitioner filed on February 17, 2015. Petitioner is in the custody of the Federal Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. The Court must construe the Motion liberally because Petitioner is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Petitioner's Motion to Reconsider pursuant to Rule 59(e) because it was

filed within twenty-eight days after the denial was entered in this action on February 4, 2015.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Petitioner asserts that he is not able to comply with the filing restrictions he is subject to under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 (D. Colo. Sept. 1, 2009), because he is only allowed to maintain legal papers and case information on inactive cases.  Even if the Court waived the requirement that Petitioner must provide the case information on all cases he has filed in state or federal court, the pleading Petitioner filed on February 2, 2015, does not meet the other filing restrictions he is subject to under Case No. 07-cv-01839-WYD-KLM.

The Court, therefore, will deny Petitioner's Motion to Reconsider because he fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving.  Accordingly, it is

ORDERED that Petitioner's Motion to Reconsider, ECF No. 7, filed on February 17, 2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  19th  day of   February  , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court